# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KLINSMANN BECERRA DIAZ,

Petitioner,

v.

JASON KNIGHT, *et al.*,

Respondents.

Case No. 2:26-cv-00247-RFB-DJA

**ORDER**

Pending before the Court is Petitioner Becerra Diaz's Petition for Writ of Habeas Corpus (ECF No. 1), challenging the lawfulness of his detention at Nevada Southern Detention Center ("NSDC") in the custody of Federal Respondents. For the following reasons, the Court grants the Petition and orders Respondents to immediately release Petitioner on bond, with the conditions set forth by the immigration judge ("IJ") in her January 27, 2026, custody redetermination order.

Mr. Becerra Diaz is being held without opportunity for release on bond pursuant to the federal government's recent re-imagination of the Immigration and Nationality Act ("INA") to authorize mandatory detention—without a hearing—of all noncitizens charged with entering the United States without inspection. Department of Homeland Security ("DHS"), in conjunction with the Department of Justice ("DOJ"), adopted this new legal position, specifically concerning 8 U.S.C. § 1225(b)(2)(A), on a nationwide basis on July 8, 2025;[1] on September 5, 2025, the Bureau of Immigration Appeals (BIA) issued a precedential decision adopting this new interpretation of the government's detention authority under the INA. See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). Their "policy" now subjects millions of undocumented U.S. residents to prolonged detention without regard for how long the noncitizen

---

[1] See ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025), https://perma.cc/5GKM-JYGX.

has resided in this country, and without any due process to ensure the government has a legitimate, individualized interest in detaining them.[2] This Court has now found, in over sixty cases, that "the plain meaning of the relevant statutory provisions, when interpreted according to fundamental canons of statutory construction," as well as the legislative history and decades of consistent agency practice establish "that the government's new interpretation and policy under [§ 1225(b)(2)(A)] is unlawful." Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356, at *17 (D. Nev. Nov. 17, 2025). This Court is in good company: over 300 federal judges, in more than 1,600 habeas cases, have considered the government's new statutory interpretation and found that it contravenes decades of agency practice and robust due process protections hitherto afforded to such residents under 8 U.S.C. § 1226(a).[3,4] For the reasons set forth below, the Court finds, yet again, that Respondents' detention of Petitioner is unlawful under the INA and violates his substantive and procedural due process rights under the Fifth Amendment.

Petitioner filed the instant Petition concurrently with a Motion for Temporary Restraining Order seeking preservation of the status quo (*i.e.*, enjoining removal of Petitioner from the District of Nevada). See ECF No. 2. On February 4, 2026, the Court ordered Respondents not remove Petitioner from the District and show cause why relief should not be granted. See ECF No. 7.

---

[2] See Kyle Cheney & Myah Ward, Trump's new detention policy targets millions of immigrants. Judges keep saying its illegal., Politico (Sept. 20, 2025 at 4:00 p.m. EDT), https://www.politico.com/news/2025/09/20/ice-detention-immigration-policy-00573850, https://perma.cc/L686-E97L.

[3] The Court is well-aware of the small pool of non-binding case law Respondents put forth time and again, including the recent Fifth Circuit decision, Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), which reaches a conclusion contrary to that of this Court. However, the Fifth Circuit's decision is not binding here, and this Court remains unpersuaded by its reasoning and Respondents'. Moreover, these decisions, like Respondents in their arguments, fail to meaningfully contend with the hundreds of decisions from this Court and others across the country that find, like Judge Douglas in her well-reasoned dissent, that the government's reinterpretation is deeply inconsistent with the text of the statute and long-standing immigration practices in this country. See Buenrostro-Mendez, 2026 WL 323330, at *10-18 (Douglas, J., dissenting); see also, Barco Mercado v. Francis, No. 1:25-CV-06852, at *9-10 (S.D.N.Y. Nov. 26, 2025) (collecting over 350 decisions by over 160 different district judges finding the application of §1225(b)(2)(A) to noncitizens residing in the United States unlawful).

[4] See Kyle Cheney, Hundreds of judges reject Trump's mandatory detention policy, with no end in sight, Politico (Jan. 5, 2026, at 5:55 a.m. EST), https://www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494.

Respondents filed their Responses on February 9, 2026. See ECF Nos. 11, 12, 14.

The Court makes the following findings of fact based on the Petition and documents filed by the parties. See ECF Nos. 1, 12-1, 12-2, 12-3. Mr. Becerra Diaz is a noncitizen originally from Colombia who last entered without inspection in April 2022. See ECF No. 1 at 10. Petitioner has developed deep family, community, and employment-related ties since: he lives in Boise, Idaho with his husband and step-son, both of whom are U.S. citizens, has consistent work with Johnson Thermal Systems, and is pursuing an asylum claim in his concurrent immigration court proceedings. See id. at 10-11. Petitioner was arrested by Immigration and Customs Enforcement ("ICE") on January 13, 2026, at a routine "check-in" at the ICE office in Boise, Idaho, far from any border or port of entry. See id. at 10; ECF No. 12-2. He was placed in removal proceedings and charged with, *inter alia*, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. See ECF No. 12-2. After being transferred to NSDC, Petitioner requested a custody redetermination (bond) hearing before an IJ. See ECF No. 1 at 11. The IJ denied bond based on lack of jurisdiction pursuant to Hurtado, but stated the following: "[s]hould any reviewing Court determine that this Court has jurisdiction, or that the respondent must be providing a bond hearing, the Court makes the alternative finding that bond in the amount of $2,000 plus alternatives to detention at the discretion of the DHS is an appropriate amount to ensure the [Petitioner's] appearance at future hearings." ECF No. 12-3.

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); see also Demore v. Kim, 538 U.S. 510, 517 (2003); Trump v. J. G. G., 604 U.S. 670, 672 (2025) (describing immigration detainees' challenge to their confinement and removal

as falling "within the 'core' of the writ of habeas corpus.") (*per curiam*) (citations omitted).

As a preliminary matter, the Court has already found it has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply; the Court fully incorporates by references its prior findings on this point. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, No. 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (D. Nev. Nov. 19, 2025); Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715, at *2-3 (D. Nev. Jan. 26, 2026). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

The Court additionally incorporates by reference the legal background regarding the government's detention authority and removal proceedings under the INA, as well as the government's new statutory reading and mass detention "policy," set forth in its ruling in Escobar Salgado. 2025 WL 3205356, at *2-6. Petitioner challenges that interpretation of the INA, and his detention thereunder, as unlawful. Petitioner argues this interpretation of the statutory scheme of §§ 1225 and 1226 is flawed, contradicting both the statutory framework and the long-standing agency practice of applying § 1226(a) to people like Petitioner. This Court agrees with Petitioner and fully incorporates by reference its holding and findings in Escobar Salgado v. Mattos. 2025 WL 3205356, at *10-22.

Petitioner also challenges his ongoing detention without the opportunity for release on bond under § 1225(b)(2), after an IJ found the government has no individualized justification to detain him, as unconstitutional under the Due Process Clause of the Fifth Amendment. For the following reasons, the Court agrees and finds Petitioner's continued detention constitutes a violation of procedural and substantive due process. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (civil immigration detention is permissible only to prevent flight or protect against danger to the community).

The procedural due process factors under Mathews v. Eldridge, 424 U.S. 319 (1976), weigh heavily in favor of Petitioner because (1) the private interest affected is his fundamental liberty

interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioner despite the immigration court's determination that his detention is not warranted, nor any process for Petitioner to challenge the exercise of that discretion; (3) the government's interest in enforcing immigration laws is served by the individualized determination by an immigration court, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. Id. at 334-35; See also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). The Court finds that the specific harm suffered by Petitioner, continued detention pursuant to the government's unlawful policy and incorrect statutory interpretation after he established that continued detention was not warranted before the Las Vegas Immigration Court, is remedied by ordering his immediate release, subject to the bond conditions originally imposed by the IJ in the alternative.

Based on the foregoing **IT IS HEREBY ORDERED** Mr. Becerra Diaz's Petition is **GRANTED.**

Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on February 13, 2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, the Court **ORDERS** that Respondents are enjoined from invoking the automatic stay to continue Petitioner's detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. See Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, therefore, **IT IS FURTHER ORDERED** that Petitioner has until **March 13, 2026**, to satisfy the monetary bond conditions

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with this Order by **February 16, 2026**.

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order (ECF No. 2) is **DENIED as moot.**

DATED: February 12, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**